UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:24-cr-00009-MMD-CLB-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| LOUIS F. PETROSSI, | |
| Defendant. | |

**I.   SUMMARY**

Defendant Louis Petrossi is serving a 100-month and three-day sentence after he was convicted for three counts of fraud in the Middle District of Pennsylvania (Case No. 1:17-cr-192-CCC). (ECF Nos. 4, 9 at 2.) That sentence was consolidated with a sentence imposed in the Eastern District of New York (Case No. 1:16-cr-0234), and the sentences were ordered to be served concurrently, with the three days to run consecutively. (ECF Nos. 4, 9 at 2.) Petrossi was also sentenced to a three-year term of supervised release to follow his custodial term, also to be served concurrently for all counts across both cases. (ECF No. 9 at 2.) After serving part of his sentence in the Federal Bureau of Prisons' satellite facility in Terra Haute, Indiana and a half-way house in San Francisco, California, Petrossi's consolidated cases were transferred to the District of Nevada in December 2023. (ECF Nos. 1, 9.) He is currently placed in the Federal Location Monitoring Program ("FLMP"), through which he resides at his home in Reno, Nevada, under the intensive supervision of the District of Nevada Probation Office. (ECF No. 9.)

Before the Court is Defendant's motion for sentence modification under the First Step Act ("FSA") and for compassionate release under 18 U.S.C. § 3582(c)(1). (ECF No.

9 ("Motion").)[1] As further explained below, because the Court finds that Petrossi has demonstrated extraordinary and compelling reasons for a sentence reduction given his personal and health circumstances as a whole, the Court grants the Motion and reduces Petrossi's sentence to time served with three years of supervised release to follow. The Court also grants Defendant's motion to file exhibited medical records under seal (ECF No. 10).[2]

**II.     BACKGROUND**

On November 2, 2018, after a conviction for three counts of fraud, a district court in the Middle District of Pennsylvania sentenced Petrossi to a term of 100 months and three days in prison in Case No. 1:17-cr-192-CCC. (ECF Nos. 4, 9 at 2.) The sentence was consolidated with the sentence in Eastern District of New York Case No. 1:16-cr-0234. (*Id.*) The custodial sentences were ordered to be served concurrently, with three days running consecutively, and with concurrent terms of three years supervised release to follow. (*Id.*) Petrossi was assigned to the Federal Bureau of Prisons' satellite camp at Terra Haute, Indiana. (*Id.*)

Around June 28, 2023, Petrossi began the final phase of his custodial sentence at the half-way house in San Francisco, California—the nearest federal facility to Reno, Nevada. (ECF No. 9 at 2.) On December 7, 2023, Petrossi's motion to transfer his consolidated Pennsylvania-New York case to the District of Nevada was granted.[3] (ECF No. 9 at 2.) The transfer followed Petrossi's request for placement in the Federal Location

---

[1] The government filed a response (ECF No. 12) and Defendant replied (ECF No. 13).

[2] The Court agrees with Defendant that his medical records (ECF Nos. 10-1, 10-2) contain confidential information that warrants sealing.

[3] The motion to transfer was granted in Case No. 1:17-cr-192-CCC. (ECF No. 9 at 2.) The order of transmittal from the Eastern District of New York case, consolidated with the Pennsylvania case, was subsequently entered on February 12, 2024. *See* ECF No. 2:24-cr-28-APG-MDC, ECF No. 3. On February 13, 2024, Case No. 3:24-cr-9-MMD-CLB—the case number of the action now before this Court—was assigned. (ECF No. 1.) And on March 27, 2024, the Court consolidated Petrossi's cases with the instant case. (ECF No. 9.) This Court thus has jurisdiction to consider Petrossi's request. *See* 18 U.S.C. § 3605; 18 U.S.C. § 3582(c).

1  Monitoring Program with supervision in Nevada. (*Id.*) The United States Probation Office
2  for the District of Nevada agreed to accept Petrossi into the FLMP based on his ties to
3  Reno—including his home in the city—in addition to his health history and his age. (*Id.*)
4      Petrossi transferred to the program and relocated to Reno on December 26, 2023.
5  (*Id.*) Since then, he has resided at his home with his family. (*Id.*) He has a 12-year-old
6  son, who lives at home with him in Reno. (*Id.*) His other children live in California and visit
7  often. (*Id.*)
8      Petrossi is 83 years old and suffers from numerous serious health conditions. (ECF
9  Nos. 9, 10-1, 10-2.) Among other complications, he has been diagnosed with chronic
10 myeloid non-curable leukemia ("CML"), diabetes, aortic atherosclerosis, basal skin
11 cancer, congestive heart failure, chronic plural effusions, chronic renal disease,
12 glaucoma, goat, aortic valve replacement (performed in prison), hypercholesteremia,
13 recurrent gum disease, mild concentric left ventricular hypertrophy, persistent proteinuria,
14 bladder carcinoma, type 2 diabetes, stage 2 chronic kidney disease, and depression.
15 (ECF Nos. 9 at 4, 10-1.) He contracted COVID-19 twice in prison, with lasting symptoms.
16 (ECF No. 9 at 5.) Petrossi is currently under the care of numerous medical providers,
17 including a cardiologist and oncologist, while on FLMP placement. (ECF No. 9 at 2, 5.)
18 He also requires physical therapy, and his physical therapy records reflect that he
19 attended at least 12 physical therapy visits in Reno as of April 15, 2024, and that physical
20 therapy would ideally include swimming-based treatment. (ECF No. 10-2.)
21     Petrossi's projected release date from Bureau of Prisons custody is February 24,
22 2025—approximately nine months from the date of this order. (ECF No. 9 at 3.) On April
23 18, 2024, Petrossi requested compassionate release from the Warden at Terra Haute.
24 (ECF Nos. 9-1, 9-2.) He has not received a response from the Warden. (ECF No. 9 at 3.)
25 On May 19, 2024, Plaintiff filed this Motion seeking a reduction in his sentence to time
26 served because of his age and his serious illnesses, and because his physical therapy
27 needs exceed the limits of FLMP supervision. (*Id.* at 5.)
28 / / /

## III. DISCUSSION

Petrossi seeks release under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (ECF No. 9.) This provision offers Defendant a limited exception to the general rule that the Court may not modify or reduce the length of a sentence after the Court has imposed it. *See* 18 U.S.C. § 3582(c). *See also U.S. v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (explaining that generally a court cannot modify a sentence after it has imposed it). "It allows the sentencing judge to reduce a sentence based on 'extraordinary and compelling reasons' after the defendant has asked the [Bureau of Prison ("BOP")] to bring such a motion on her behalf and exhausted all administrative rights to appeal the BOP's denial of that request." *United States v. Mogavero*, Case No. 2:15-cr-74-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The Court follows a multi-step process to evaluate the Motion. First, the Court determines if Petrossi has satisfied the statutory prerequisites under Section 3582(c)(1)(A). Then, the Court evaluates whether he has shown "extraordinary and compelling reasons" for the Court to release him under Section 3582(c)(1)(A)(i). The Court addresses applicable policy statements and sentencing factors under Section 3582(c)(1)(A). Here, more specifically, the Court "must consider the factors in 18 U.S.C. § 3553(a) 'to the extent that they are applicable,' and any sentence reduction must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" 18 U.S.C. § 3582(c)(1)(A)(i). On April 27, 2023, the United States Sentencing Commission promulgated additional guidance on the contours of compassionate release. The amendments became effective on November 1, 2023. *See* USSG § 1B1.

As there is no dispute as to the first step in the instant case, the Court focuses primarily on Petrossi's arguments as to extraordinary and compelling reasons for early release—considering applicable policy statements—before addressing Section 3553(a) sentencing factors.

**A.     Statutory Prerequisites**

Section 3582(c)(1)(A) requires that a defendant ask the BOP to bring a motion for compassionate release on the defendant's behalf before filing such a motion with the court, normally done by submitting a request to the warden. In addition, a defendant may only bring a motion under Section 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.*

Petrossi requested compassionate release from the Warden at Terra Haute on April 18, 2024. (ECF Nos. 9-1, 9-2.) As of the date the Motion was filed, Defendant had received no response from the Warden. (ECF No. 9 at 3.) The Court thus finds that Petrossi has satisfied the statutory prerequisites for relief and will proceed to the rest of the analysis.

**B.     Extraordinary and Compelling Circumstances and Applicable Policy Statements**

Defendant argues that he demonstrates extraordinary and compelling reasons for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 9 at 4-8.) In particular, he argues that his circumstances fall within the bounds of multiple Policy Statements set forth by the Sentencing Commission. (*Id.*) *See* USSG § 1B1.13. The Court agrees with Defendant.

Under the FSA, any sentence reduction for "extraordinary and compelling circumstances" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The current version of the Sentencing Guidelines, with amendments effective on November 1, 2023, contains an updated policy statement on early release motions. *See* USSG § 1B1. Despite the government's opposition, the Court finds that Petrossi's severe, life-threatening health conditions, considered alongside his age, mean that he falls within one or more of the

categories of health circumstances specifically identified as qualifying for relief under the amended Sentencing Commission guidance.

Under Section 1B1.13(b)(1)(A), the medical circumstances of a defendant may constitute extraordinary and compelling reasons for early termination if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advancing illness with an end-of-life trajectory)." USSG § 1B1(b)(1)(A). "A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required" and examples of qualifying conditions may include "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.*

Petrossi demonstrates that he suffers from illnesses which qualify as terminal under Section 1B1.13(b)(1)(A). Petrossi's medical records reflect a long list of medical conditions—many of which could easily be *independently* debilitating for a person much younger than 83. (ECF Nos. 10-1, 10-2.) These conditions begin with chronic, uncurable myeloid leukemia and also include, *inter alia*, major cardiac issues, diabetes, and chronic kidney disease. (ECF Nos. 9, 10-1, 10-2.) The government takes the ungenerous position that none of Petrossi's conditions are terminal *enough*. (ECF No. 12 at 5.) In particular, the government argues that chronic myeloid leukemia is "not a terminal illness with proper treatment." (*Id.*) The government further argues that "Petrossi mischaracterizes his CML as 'terminal' because it cannot be cured" and that this "is not the definition of a terminal illness." (*Id.*) But as Defendant notes, an illness is generally considered terminal when it is irreversible or incurable, and when death is expected in the foreseeable future. (ECF No. 13 at 2.) Moreover, the relevant policy statement *expressly* notes that while an illness must be serious and advancing to qualify as terminal, an end-of-life prognosis is not necessary. *See* USSG § 1B1(b)(1)(A). Combined with his myriad other conditions, impacting multiple organ systems, the Court finds that Petrossi's chronic leukemia is terminal within the meaning of Section 1B1.13(b)(1)(A).

In addition, other subsections of Section 1B1.13(b)(1) further suggest that Petrossi's medical situation is an exceptional circumstance firmly within the spirit of the

FSA. *See* USSG § 1B1(b) ("extraordinary and compelling reasons exist under any of the following circumstances *or a combination thereof*") (emphasis added). Section 1B1.13(b)(1)(B) indicates that it is an exceptional circumstance when a defendant is "(i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." And Section 1B1.13(b)(1)(C) provides that it is an exceptional circumstance when a defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." While Petrossi is under FLMP supervision at his residence and is not currently housed in a correctional facility facially consistent with subsection (B), he is certainly suffering from serious conditions and deteriorating in health because of his age. (ECF Nos. 9, 10-1, 10-2.) *See* USSG § 1B1(b)(1)(B). And his medical records also suggest that he would benefit from treatments and therapies—such as swimming therapies—which he is not able to receive under the FLMP. (ECF No. 10-2.) *See* USSG § 1B1(b)(1)(C). This is true despite the government's assertion that Petrossi's access to medical care is "essentially the same as any non-incarcerated individual." (ECF No. 12 at 6.)

The Guidelines also expressly allow the Court to consider the age of a defendant. *See* USSG § 1B1(b)(2) (noting that it is an extraordinary and compelling circumstance when "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"). Petrossi is almost 19 years over the age of 65, and again, the Court finds that he is clearly experiencing deterioration in his health. (ECF No. 13 at 3.) As to this provision, the government argues primarily that Defendant has not served 75% of his 100-month sentence, suggesting that he has now served only around 67% of his custodial term. (ECF

1   No. 12 at 8.) Defendant argues in his reply that his release date will be impacted by FSA
2   time credits, and that because he has served more than 5 years of his sentence, he has
3   crossed the 75% threshold with those credits. (ECF No. 13 at 3.) The Court finds that it
4   need not on decide the Motion based on the exact percentage of Petrossi's sentence he
5   has now served, although it finds Defendant's reference to FSA credits persuasive.
6   Instead, the Court considers age within the whole context of Petrossi's health. *See* USSG
7   § 1B1(b) (allowing consideration of combinations of factors). In this context—even
8   assuming the truth of the government's calculation—to focus on the difference between
9   67% and 75% of Petrossi's sentence would be to miss the forest for the trees.

10   Moreover, the Court finds that granting Petrossi's requested relief is consistent
11  with the purpose of the 2023 amendments to the Sentencing Commission Guidelines and
12  Policy Statements. The most recent amendment expanded the list of "extraordinary and
13  compelling reasons" to reflect the legislative history of Section 3582(C)(1)(A), adding
14  "Medical Circumstance" subcategories and also expanding the medical circumstance
15  exception to apply in the case of incapacitation of a caregiver of a defendant's minor child.
16  *See* USSG § 1B1(b). And the most recent amendments retain a provision for "other
17  reasons," allowing courts to consider unlisted factors when a defendant "presents any
18  other circumstance or combination of circumstances that, when considered by
19  themselves or together with any of the reasons described in [other provisions of Section
20  1B1.13], are similar in gravity to those described in [those other provisions]." USSG §
21  1B1(b)(5). In other words, the Sentencing Commission has indicated its intention to clarify
22  and expand the set of medical and other circumstances courts may consider in finding
23  that extraordinary and compelling reasons exist for compassionate release. Petrossi's
24  poor physical health fits squarely with this intention.

25   Finally, the Court is not persuaded by the government's argument that, because
26  Petrossi has been placed under FLMP supervision and is not currently housed in a prison
27  facility, he is not entitled to the relief contemplated by the Sentencing Commission. (ECF
28  No. 12 at 8.) The government argues that Petrossi has already accessed appropriate

8

relief in the form of home confinement, and that "criminal punishment is not meant to be comfortable, convenient, or free of hardship." (ECF No. 12 at 8-9). *See also Rhodes v. Chapman,* 452 U.S. 337, 349 (1981); *Colwell v. Bannister,* 763 F.3d 1060, 1074 (9th Cir. 2014). It is true, of course, that courts have sometimes converted defendants' custodial sentences to home confinement sentences to serve the purposes of Section 3582(c)(1)(A). *See, e.g.*, *United States v. Prince*, 2023 WL 205501, at *4 (D. Nev. Jan. 17, 2023). However, as Defendant notes, the FLMP program is a form of custody for low-risk inmates and not a substitute for supervised release. (ECF No. 13 at 3.) Petrossi must still serve a three-year supervised release sentence *after* his custodial sentence. (*Id.*) In effect, the government asks the Court to hold the Bureau of Prison's determination that Petrossi is a low-risk prisoner—and that he qualifies for a less harsh sentence under the 18 U.S.C. § 3553 factors—against him now. (*Id.* at 4.) Rather than take this approach, the Court considers the type of custody to which Defendant is subject—and the limitations in that form of custody—*in relation* to the significant hardships Petrossi faces because of his physical health, finding that release from FLMP custody is warranted. In other words, the Court does not give undue weight purely to the fact that in theory, FLMP is less "harsh" than other forms of custody.

In sum, the Court considers Petrossi's deteriorating health and extensive medical needs, the limits in access to treatment under FLMP supervision, and his advanced age in combination. The Court finds that these circumstances amount to an extraordinary and compelling reason to reduce Petrossi's sentence to time served.

**C.    Section 3553(a) Factors**

The government opposes Defendant's Motion entirely on the ground that Petrossi fails to demonstrate extraordinary and compelling reasons for a sentence reduction, and does not reach a discussion of Section 3553(a) sentencing factors. (ECF No. 12.) However, having found that Petrossi demonstrates extraordinary and compelling reasons, the Court must next consider the factors set forth in Section 3553(a) to the extent

they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The Court finds that these factors also favor sentence reduction.

Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a)(1)-(7). As to the Section 3553(a)(2) factor, the need for a sentence must be sufficient, but not greater than necessary, to serve the purpose of "just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (citation and internal quotes omitted). *See also, e.g.*, *United States v. Edwards*, 595 F.3d 1006, 1016-17 (9th Cir. 2010).

Here, as the most significant and persuasive factor, the Court agrees with Petrossi that he presents no danger to the community as an 83-year-old with numerous debilitating health conditions. (ECF No. 9 at 6.) He has a stable residence and stable relationship with his 12 year old son, who lives with him. (*Id.*) He has six other children, each of whom provide support – and would likely be able to provide additional support after Petrossi's release from FLMP supervision. (ECF Nos. 9 at 6, 9-3.) He would still be required to comply with the conditions of his supervised release term, including seeking permission from the Court to travel, without the strict curfew and monitoring requirements of FLMP supervision. (ECF No. 9 at 6-7.) Moreover, Defendant has complied with the conditions of FLMP release and, as he notes in the Motion, further intensive supervision by Probation is not a meaningful use of its limited resources. (*Id.* at 7.)

Accordingly, the Court finds that, considering the relevant Section 3553(a) factors, a reduction in Petrossi's sentence to time served, followed by three years of supervised release, is sufficient but not greater than necessary to serve the relevant purposes.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion for sentence reduction (ECF No. 9) is granted. Defendant's sentence in his consolidated cases is reduced to time served, with three years of supervised release to follow.

It is further ordered that the judgment of conviction in Defendant's consolidated cases be amended to reflect a reduction of sentence to time served, with three years of supervised release to follow.

U.S. Probation is further directed to make a recommendation to the Court within seven days of this Order detailing any additional conditions of supervised release, beyond those originally imposed, which it considers appropriate.

It is further ordered that Defendant's motion to file medical records under seal (ECF No. 10) is granted.

DATED THIS 20th Day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE